IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kimmie Heaton, ) | |
| ) | Civil Action No. 8:09-2813-RMG-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Mitchell Wray, Catherine Kendall and ) | |
| Bernice Wiggleton, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiff who is represented by retained counsel seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the Court on the Defendants Catherine Kendall and Bernice Wiggleton's Motion for Summary Judgment. (Dkt. # 25.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on October 28, 2009, seeking damages for alleged civil rights violations. On July 19, 2010, the Defendants Kendall and Wiggleton filed a Motion for Summary Judgment. On August 16, 2010, the Plaintiff filed a response opposing the motion, and on August 20, 2010, Defendants Kendall and Wiggleton filed a Reply.

## FACTS PRESENTED

The Plaintiff alleges that from April through November 2006, the Defendant Mitchell Wray, a chaplain at the Leath Correctional Institution, inappropriately touched and fondled her on several occasions. (Compl. ¶ 10.) She further alleges that the Defendants Catherine Kendall and Bernice Wiggleton were aware of Wray's behavior, but did nothing to stop it. (Compl. ¶ 11.)

The Plaintiff alleges two causes of action: 1) violations of her Fourteenth Amendment right against the Defendants Kendall and Wiggleton for failure to discipline Wray; and 2) violations of her Fourteenth Amendment rights against the Defendant Wray for excessive force. (Compl. at 2-3.) The Plaintiff is seeking actual and punitive damages and attorney's fees. (Compl. at 3.)

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is

deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The Defendants Kendall and Wiggleton contend that the Plaintiff has failed to exhaust her administrative remedies and further that her claims are barred by the statute of limitations. The undersigned agrees.

3

**Exhaustion**

Exhaustion of administrative remedies prior to bringing a federal lawsuit is required by 42 U.S.C. § 1997e(a) (stating "No action shall be brought with respect to prison conditions under Section 1983 of this Title or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted").  The exhaustion requirement is mandatory and courts have no discretion to waive the requirement. *Johnson v. Ozmint,* 567 F.Supp.2d 806, 814 (D.. S.C. 2008).  "Even where exhaustion may be considered futile or inadequate, this requirement cannot be waived." *Id*. at 814.  Additionally, exhaustion is required regardless of the relief sought.  *Id.*  As the United States Supreme Court has stated, "[w]here Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992).

A prisoner has not exhausted all of his administrative remedies by "failing to follow the required steps so that remedies that once were available to him no longer are." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).  Exhaustion requires that the prisoner utilize all available procedures so that prison officials have the opportunity to remedy the situation administratively.  *Id.*

In order to exhaust the South Carolina Department of Corrections ("SCDC") administrative remedies, an inmate must fill out a Form 10-5 or Step 1 grievance about the matters raised in his complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains. The Warden must respond to the Step 1 grievance in writing no later than forty (40) days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's

4

response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a or Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden. A responsible official has sixty (60) days to respond to the Step 2 grievance. The decision of the official who answers Step 2 is considered the SCDC's final response in the matter. Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under § 1983. 42 U.S.C. § 1997e.

Here, the Plaintiff filed a Step 1 grievance seeking information regarding the action which was taken by the SCDC against the Defendant Wray. However, she did not file this Step 1 grievance until January 23, 2008, well over a year after the Plaintiff alleges the last inappropriate touching took place. The Plaintiff testified that she filed this grievance after an attorney advised her that she needed to exhaust her administrative remedies before she could file an action. (Heaton Dep. 101-102.) The Plaintiff's Step 1 grievance was denied and she then filed a Step 2 grievance on March 19, 2008, which was upheld in part and denied in part. The SCDC gave the Plaintiff copies of her statement, her polygraph test results, and the Solicitor's letter notifying the SCDC of its decision not to prosecute the Defendant Wray. The SCDC denied the Plaintiff's request for information concerning the Defendant Wray's employment status. (Aff. Coleman).

In her grievance, the Plaintiff failed to state any allegations against the Defendants Kendall and Wiggleton. While it may not be necessary to specifically name these Defendants in a grievance, *see Jones v. Bock*, 549 U.S. 199, 218-219 (2007) (finding PLRA does not require naming of particular officials), the Plaintiff still must set forth at least the essence of her claims. "[I]nmates must provide enough information about the conduct

of which they complain to allow prison officials to take appropriate responsive measures." *Johnson v. Testman,* 380 F.3d 691, 697 (2d Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of a § 1983 suit. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). Exhaustion can only be satisfied if the grievance "served its function of alerting the state and inviting corrective action." *Riccardo v. Rausch,* 375 F.3d 521, 524 (7th C.A.2004).

Here, however, the Plaintiff merely requested copies of "all statements made concerning the investigation [of Defendant Wray]," and her polygraph test results, and to "be informed of the current status of this investigation until it is closed." (Heaton Dep. 102; Pl.'s Mem. Opp. Summ. J. Mot. Attach. # 3.) There is no evidence that the Plaintiff tried to grieve her claims against the Defendants Kendall and Wiggleton for failing to take disciplinary action against the Defendant Wray. The Plaintiff would have the court find that her grievance regarding the status of the investigation of the alleged inappropriate sexual contacts by the Defendant Wray is sufficient to "alert the state and invite corrective action" that the Defendants Kendall and Wiggleton failed to act on her earlier complaints. However, it simply cannot be said that the Plaintiff gave the SCDC a full and fair opportunity to investigate and address the allegations against the Defendants Kendall and Wiggleton which she raises in her Complaint, as contemplated and required by the PLRA. The Plaintiff's January 18, 2008, grievance did not communicate the claim she brings here against these two Defendants: that the Defendants Kendall and Wiggleton failed to discipline Wray. Accordingly, the Defendants Kendall and Wiggleotn should be granted

summary judgment based upon the Plaintiff's failure to exhaust her administrative remedies on her claims against them.

**Statute of Limitations**

The Plaintiff filed this action on October 28, 2009. (Dkt. # 1.) She alleges that she was inappropriately touched by the Chaplain the Defendant Wray from April through November 2006. She alleges a failure to discipline claim against the Defendants Kendall and Wiggleton. (Compl. at 2.) These Defendants contend that the statute of limitations bars this claim against them. The undersigned agrees.

Because § 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). S.C. Code § 15-78-530 states that an action for any injury to the person or rights of another must be commenced within three years. S.C. Code Ann. §15-3-530. Therefore, the appropriate statute of limitations for actions under 42 U.S.C. § 1983 filed in South Carolina is three years.

Although a federal court looks to the forum state to determine the applicable statute of limitations, federal law determines when a civil rights claim accrues and thus when the statute of limitations begins to run. *Elliott v. City of Union City,* 25 F.3d 800, 801-02 (9th Cir.1994). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir.2004).

Under the doctrine of respondeat superior, an employer or supervisor is not liable for the acts of their employees, absent an official policy or custom which results in illegal action. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611

7

(1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142-43 (4th Cir. 1982). The Plaintiff has presented no evidence regarding the existence of any official policy or custom put in place by the Defendants Kendall and Wiggleton which led to or resulted in the alleged assault on the Plaintiff in this case. Absent a policy or custom, a employer or supervisor may only be held liable if the plaintiff can show that they had actual knowledge of the specific danger, but were deliberately indifferent to the plaintiff's needs despite their knowledge of this danger. *Slakan v. Porter*, 737 F.2d 368 (4th Cir.1984).

The Plaintiff's claims against the Defendants Kendall and Wigglston are based upon their alleged inaction when informed of the Defendant Wray's alleged wrongdoing. The Plaintiff testified that she filed a requests to staff shortly after the second touching occurred in April 2006 and she received no response. First, the undersigned notes that the Plaintiff does not have copies of her requests to staff, but she testified that she "asked for a job change because the chaplain was inappropriate with [her]." (Pl.'s Dep. at 41.) This complaint would not have informed the Defendants of the nature of the Defendant Wray's actions as there were no specific facts in her allegations regarding Wray's actions. In other words, the Plaintiff has not shown that these Defendants had "actual knowledge of the specific danger." However, in any event, the Plaintiff was aware well before October 28, 2006, that the Defendants Kendall and Wiggleton had allegedly failed to take any action concerning her allegations against the Defendant Wray.

The Plaintiff argues the continuing violation doctrine is applicable to her claims against the Defendants Kendall and Wiggleton. The undersigned disagrees. For the continuing violation doctrine: "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the

limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *Brenner v. Local 514, United Bd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir.1991).  The last act, or inaction, of the Defendants Kendall and Wiggleston was sometime shortly after the Plaintiff requested a transfer.  Thus, the Plaintiff's reliance on the continuing course of conduct doctrine is misplaced because "[a] continuing violation is occasioned by continuing unlawful acts, not by continued ill effects from the original violation." *Doe v. Blake*, 809 F.Supp. 1020, 1025 (D.Conn.1992)(*citing Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir.1981)).  Accordingly, the Plaintiff's claims against these Defendants is barred by the statute of limitations and, therefore, these Defendants should be granted summary judgment.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendant Kendall and Wiggleton's Motion for Summary Judgment (Dkt. # 25) be GRANTED.

**IT IS SO RECOMMENDED.**

s/Bruce Howe Hendricks
United States Magistrate Judge

November 10, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**