IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kimmie Heaton, | Civil Action No. 8:09-cv-2813-RMG |
| Plaintiff, | |
| vs. | **ORDER** |
| Mitchell Wray, Catherine Kendall, and Bernice Wiggleton, | |
| Defendants. | |

Before the Court is Defendants Catherine Kendall ("Kendall") and Bernice Wiggleton ("Wiggleton") motion for summary judgment. As detailed herein, this Court grants the motion on the ground outlined herein.

## BACKGROUND

Plaintiff, through counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains that her constitutional rights were violated in various respects. This case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) D.S.C. The Magistrate Judge recommended granting Defendants' summary judgment motion. (Dkt. No. 41). Plaintiff objected to the R&R. (Dkt. No. 46). As shown herein, this Court has reviewed the Record *de novo* and agrees with the Magistrate Judge's report in part and grants summary judgment in favor of Defendants Kendall and Wiggleton.

## LAW/ANALYSIS

The Defendants Kendall and Wiggleton contend that the Plaintiff has failed to exhaust her administrative remedies. The Court agrees.

Exhaustion of administrative remedies prior to bringing a federal lawsuit is required by 42 U.S.C. § 1997e(a) (stating "No action shall be brought with respect to prison conditions under Section 1983 of this Title or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). The exhaustion requirement is mandatory and courts have no discretion to waive the requirement. *Johnson v. Ozmint*, 567 F.Supp.2d 806, 814 (D.S.C. 2008). "Even where exhaustion may be considered futile or inadequate, this requirement cannot be waived." *Id.* at 814. Additionally, exhaustion is required regardless of the relief sought. *Id.* A prisoner has not exhausted all of his administrative remedies by "failing to follow the required steps so that remedies that once were available to him no longer are." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Exhaustion requires that the prisoner utilize all available procedures so that prison officials have the opportunity to remedy the situation administratively. *Id.*

Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under § 1983. 42 U.S.C. § 1997e. Here, the Plaintiff filed a Step 1 grievance seeking information regarding the action that was taken by the SCDC against the Defendant Wray. However, she did not file this Step 1 grievance until January 23, 2008, well over a year after the Plaintiff alleges the last inappropriate touching took place. The Plaintiff testified that she filed this grievance after an attorney advised her that she needed to exhaust her administrative remedies before she could file an action. (Heaton Dep. 101-102.) The Plaintiff's Step 1 grievance was denied and she then filed a Step 2 grievance on March 19, 2008, which was upheld in part and denied in part. The SCDC gave the Plaintiff copies of her statement, her polygraph test results, and

2

the Solicitor's letter notifying the SCDC of its decision not to prosecute the Defendant Wray. The SCDC denied the Plaintiff's request for information concerning the Defendant Wray's employment status. (Aff. Coleman).

However, in her grievance, the Plaintiff failed to state any allegations against the Defendants Kendall and Wiggleton. While it may not be necessary to specifically name these Defendants in a grievance, *see Jones v. Bock*, 549 U.S. 199, 218-219 (2007) (finding PLRA does not require naming of particular officials), the Plaintiff still must set forth at least the essence of her claims. "[I]nmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of a § 1983 suit. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). Exhaustion can only be satisfied if the grievance "served its function of alerting the state and inviting corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

Plaintiff only requested copies of "all statements made concerning the investigation [of Defendant Wray]," and her polygraph test results, and to "be informed of the current status of this investigation until it is closed." (Heaton Dep. 102; Pl.'s Mem. Opp. Summ. J. Mot. Attach. # 3.) There is no evidence that the Plaintiff tried to grieve her claims against the Defendants Kendall and Wiggleton for failing to take disciplinary action against the Defendant Wray. The Plaintiff would have the court find that her grievance regarding the status of the investigation of the alleged inappropriate sexual contacts by the Defendant Wray is sufficient to "alert the state and invite corrective

3

action" that the Defendants Kendall and Wiggleton failed to act on her earlier complaints. Plaintiff did not give the SCDC a full and fair opportunity to investigate and address the allegations against the Defendants Kendall and Wiggleton which she raises in her Complaint, as contemplated and required by the PLRA. The Plaintiff's January 18, 2008, grievance did not communicate the claim she brings here against these two Defendants—that the Defendants Kendall and Wiggleton failed to discipline Wray. Accordingly, the Defendants Kendall and Wiggleotn are granted summary judgment based upon the Plaintiff's failure to exhaust her administrative remedies on her claims against them.

## CONCLUSION

Based on the above, Defendant Kendall and Wiggleton's Motion for Summary Judgment (Dkt. No. 25) is **GRANTED**. The Court does not address the statute of limitation argument in light of its ruling above but the Court has considered the arguments presented on it and considered the objections offered by both sides.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 22, 2010
Charleston, South Carolina

4